SJL LAW, P.C.
Julian G. Senior (SBN: 219098)
 E-mail: Julian@sjllegal.com
Siyun Yao (SBN: 305759)
 E-mail: Siyun@sjllegal.com
841 Apollo Street, Suite 300
El Segundo, CA 90245
Telephone No.:  424.290.0720
Facsimile No.:  424.290.0721

Attorneys for Defendants KIA MOTORS AMERICA, INC.
and HYUNDAI CAPITAL AMERICA

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| ATILANO SIERRA, an individual,<br><br>              Plaintiff,<br><br>   vs.<br><br>KIA MOTORS AMERICA, INC., a corporation; RUSICH BROTHERS ENTERPRISES, INC., a corporation; HYUNDAI CAPITAL AMERICA, a corporation; and DOES 1 through 10, inclusive,<br><br>              Defendants. | **CASE NO.: 2:19-cv-3342**<br><br>(Removed from Los Angeles Superior Court – Case No. 18STCV10084)<br><br>**KIA MOTORS AMERICA, INC.'S NOTICE OF REMOVAL OF ACTION UNDER  28 U.S.C. §1441 (FEDERAL QUESTION); DECLARATION OF SIYUN YAO; EXHIBITS 1-2**<br><br>Action Filed: March 22, 2019<br>Removal Date: April 25, 2019<br>Trial Date: None |

     TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR CENTRAL DISTRICT OF CALIFORNIA:

     Defendants Kia Motors America, Inc. ("KMA") and Hyundai Capital America ("HCA")(collectively referred to herein as "Defendants"), hereby remove this case from the Superior Court of California, County of Los Angeles, pursuant to 28 U.S.C. § 1441, based upon

- 1 -

KIA MOTORS AMERICA, INC.'S NOTICE OF REMOVAL OF ACTION UNDER  28 U.S.C. §1441 (FEDERAL QUESTION); DECLARATION OF SIYUN YAO; EXHIBITS 1-2

federal question jurisdiction under 28 U.S.C. §1331.

The basis for removal is as follows:

1.      On March 22, 2019, plaintiff ATILANO SIERRA filed this civil action in the Superior Court of California, County of Los Angeles, against KMA entitled as follows: Atilano Sierra v. Kia Motors America, Inc., et. al., Case No. 19STCV10084 alleging causes of action relating to the purchase of a 2018 Kia Forte.

2.      Defendant KMA was served with a copy of Plaintiff's Summons and Complaint on March 26, 2019, through its designated agent for service of process, CT Corporation System. (Declaration of Siyun Yao ("Yao Decl.") ¶ 2, Exhibit 1.) It was on that date that KMA received, through service or otherwise, a copy of the pleading, Motion, Order or other paper from which it could first be ascertained that the case is one which is removable. (Yao Decl. ¶ 2.) This removal notice is timely filed as it is filed within 30 days after KMA's receipt of the Complaint.

3.      The Complaint alleges that Defendants violated, among other allegations, the federal Magnuson Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et. seq. (third and fourth causes of action). (See Compl. ¶¶ 59 and 63, Yao Decl. ¶ 2, Exhibit 1.) Thus, this action arises under federal law.

4.      The Complaint demands all monies paid or payable for Plaintiff's purchase of a 2018 Kia Forte as well as treble damages pursuant to statute. (See Complaint ¶ 47, Yao Decl. ¶ 2, Exhibit 1.)

5.      No proceedings have been had in the state court action.  (Yao Decl. ¶ 3.)

6.      This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331, and it is one which may be removed to this Court by defendant KMA pursuant to 28 U.S.C. § 1441(a) because the third and fourth causes of action arises under the federal Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, et seq., and satisfies the necessary amount in controversy under that statute.

7.      The Superior Court of the State of California for the County Los Angeles is located in the Central District of California, Western Division. Therefore, venue is proper

pursuant to 28 U.S.C. § 84 because this is the "district and division within which such action is pending . . . ." (28 U.S.C. § 1446(a).)

8.      No previous application has been made for the relief requested herein.

9.      Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of removal is being served upon counsel for Plaintiff, and a copy is being filed with the clerk of the Superior Court of the State of California for the County of Los Angeles.

## I.      REMOVAL IS PROPER BECAUSE THIS COURT HAS FEDERAL QUESTION JURISDICTION PURSSUSANT TO 28 U.S.C. § 1331.

### A.      This Action Arises Under a Federal Statute

10.      The Court has Federal Question Jurisdiction pursuant to 28 U.S.C. § 1331 as the third and fourth causes of action arises under the federal Magnuson- Moss Warranty Act, 15 U.S.C. § 2301, *et seq*., and satisfies the necessary amount in controversy under that statute.

11.      Federal district courts have original jurisdiction in actions "arising under the Constitution, laws, or treaties of the United States." (28 U.S.C. § 1331.) An action "arises under" the federal law within the meaning of 28 U.S.C. § 1331 if: (1) federal law creates the cause of action, or (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983).

12.      In the Third Cause of Action, Plaintiff alleges "[t]he above-described actions (failure to repair and/or properly repair the above-mentioned defects and nonconformities to warranty, etc.) including failure to honor the written warranty(s), constitute a breach of the written warranty by Manufacturer and retail seller actionable under the MMWA, as set forth at 15 U.S.C. § 2301(d)(1), (2)." (Compl. ¶ 59.)

13.      In the Fourth Cause of Action, Plaintiff alleges ""[t]he above-described actions on the part of the Manufacturer and retail seller constitute a breach of implied warranties of merchantability and fitness for the ordinary purposes intended of a consumer automobile actionable under the MMWA at 15 U.S.C. §§ 2301(7), 2308, 2310(d)(1), (2)." (Compl. ¶ 63.)

14.     This Court has original jurisdiction of Plaintiff's third and fourth causes of action because it "arises under" a federal statute, *i.e.* 15 U.S.C. § 2301 *et seq.*, otherwise known as the Magnuson-Moss Warranty Act.

**B.     The Amount in Controversy Requirement of the Magnuson-Moss Warranty Act is Met.**

15.     15 U.S.C. § 2310(d)(1)(B) of the Magnuson-Moss Warranty Act states in part that a consumer who is damaged by a warrantor's failure to comply with a warranty "may bring suit for damages and other legal and equitable relief in an appropriate district court of the United States, subject to paragraph (3) of this subsection." Paragraph (3) goes on to state that "[n]o claim shall be cognizable in a suit brought under paragraph (1)(B) of this subsection . . . if the amount in controversy is less than the sum or value of $50,000 (exclusive of interest and costs) computed on the basis of all claims to be determined in this suit . . . ." 15 U.S.C. § 2310(d)(3)(B).

16.     Here, the amount-in-controversy exceeds $50,000.00. As set forth in Plaintiff's Complaint, he seeks in excess of "TWENTY-FIVE THOUSAND DOLLARS ($25,000) exclusive of interests and costs . . . incidental, consequential, exemplary, actual damages including interest, costs and attorneys' fees." (Compl. ¶ 10.) Plaintiff also seeks "an award of a civil penalty in an amount not to exceed two times Plaintiff's actual damages." (Compl. ¶ 47.) Further, the Complaint alleges and seeks a total recovery of damages in excess of $112,475 plus attorney's fees (total sales price of the subject vehicle: $37,491.75 + $74,983.50 in civil penalty). (Yao Decl., Exhibit 2, Compl. ¶ 47, and prayers for relief ¶ A - E.)

17. Consequently, Plaintiff's Complaint seeks well in excess of $50,000.00 in monetary damages and civil penalties, not including other compensatory damages or attorneys' fees. See Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999) (amount in controversy requirement may be established by showing that such damages are "facially apparent" from the plaintiff's Complaint, or by setting forth facts in the notice of removal that support a finding of the requisite amount); Brady v. Mercedes-Benz USA, Inc., 243 F. Supp.2d 1004, 1009 (N.D. Cal. 2002) (civil penalties under California Song- Beverly Consumer Warranty Act are included in determining whether amount in controversy for diversity jurisdiction was satisfied as civil

- 4 -

KIA MOTORS AMERICA, INC.'S NOTICE OF REMOVAL OF ACTION UNDER  28 U.S.C. §1441 (FEDERAL QUESTION); DECLARATION OF SIYUN YAO; EXHIBITS 1-2

1   penalties under the Act, allowing up to two times the amount of actual damages as well as
2   compensatory damages, are akin to punitive damages). Accordingly, the amount in controversy is
3   satisfied.

4   **II.       THIS COURT HAS SUPPLEMENTAL JURISDICTION**

5   18.    "[I]n any civil action of which the district courts have original jurisdiction, the
6   district courts shall have supplemental jurisdiction over all other claims that are so related to
7   claims in the action within such original jurisdiction that they form part of the same case or
8   controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The
9   Supreme Court has noted that the supplemental jurisdiction statute "applies with equal force to
10  cases removed to federal court as to cases initially filed there; a removed case is necessarily one
11  'of which the district courts . . . have original jurisdiction'...." City of Chicago v. International
12  College of Surgeons, 522 U.S. 156, 165 (1997). Although one of several claims does not "arise
13  under" federal law, removal is still appropriate if that claim is transactionally related (*i.e.*
14  "supplemental") to at least one substantial federal claim. Zuniga v. Blue Cross & Blue Shield of
15  Michigan, 52 F.3d 1395, 1399 (6th Cir. 1995). A single case exists in the constitutional sense
16  wherever the state and federal claims arise from a "common nucleus of operative facts" such that
17  a plaintiff "would ordinarily be expected to try them all in a single judicial proceeding." United
18  Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966).

19  19.    Here, all of Plaintiff's causes of action arise out of the same nucleus of operative
20  facts, *i.e.* the purchase of a 2018 Kia Forte, VIN 3KPFN5A37JE164372, and its alleged
21  warranties. Accordingly, supplemental jurisdiction under 28 U.S.C. § 1367 of Plaintiff's
22  remaining causes of action is appropriate. (See Priebe v. Autobarn, Ltd., 240 F.3d 584 (7th Cir.
23  2001) (where federal jurisdiction existed under Magnuson-Moss, district court properly exercised
24  supplemental jurisdiction over plaintiffs' remaining causes of action including a state fraudulent
25  business practices claim and a common law fraud claim).)

26  20.    Based upon the foregoing, all requirements for federal question jurisdiction and
27  removal jurisdiction have been met. Defendant KMA therefore requests that this action now

28

1 | pending against it in the Superior Court of California, County of Los Angeles, be removed to this

2 | Court, and that this Court assume complete jurisdiction in this matter.

3 |      21.    On April 23, 2019, KMA's counsel attempted to meet and confer with Plaintiff's

4 | counsel regarding dismissing the Magnuson-Moss cause of action in Plaintiff's Complaint. (Yao

5 | Decl. ¶ 5.) However, Plaintiff's counsel never responded to the request. (Id.)

6 |      22.    All defendants who have been served consented to removing this case to this

7 | Court.  (Yao Decl. ¶ 6.)

8 |      23.    KMA will promptly notify Plaintiff and the Superior Court of this removal as

9 | required by 28 U.S.C. § 1446(d).

10 | DATED:  April 25, 2019             SJL LAW, P.C.

By:    /s/ Siyun Yao_____
Julian G. Senior
Siyun Yao
Attorneys for Defendants
KIA MOTORS AMERICA, INC. and
HYUNDAI CAPITAL AMERICA

- 6 -

**DECLARATION OF SIYUN YAO**

I, Siyun Yao, declare as follows:

1.      I am an attorney admitted to practice before all courts of the State of California and the United States District Court for the Central District of California. I am an attorney at SJL Law, P.C., attorneys of record for Kia Motors America, Inc. ("KMA") and Hyundai Capital America ("HCA"). This declaration is offered in support of KMA's Notice of Removal to the United States District Court for the Central District of California under 28 U.S.C. § 1332. I have personal knowledge of all the facts set forth herein, and if called upon to do so by the court, could and would testify competently thereto. As to those matters stated upon information and belief, I am informed and believe such matters to be true.

2.      KMA was served with a copy of Plaintiff's Summons and Complaint on March 26, 2019, through its designated agent for service of process, CT Corporation System. It was on that date that KMA received, through service or otherwise, a copy of the pleading, Motion, Order or other paper from which it could first be ascertained that the case is one which is removable. A true and correct copy of Plaintiff's Summons, Civil Case Cover Sheet, Complaint, and the Notice of Service of Process received by KMA is attached hereto as Exhibit 1.

3.      No proceedings have been had in the state court action.

4.      A true and correct copy of the Retail Installment Sale Contract for the subject vehicle is attached hereto as Exhibit 2.

5.      On April 23, 2019, KMA's counsel attempted to meet and confer with Plaintiff's counsel regarding dismissing the Magnuson-Moss cause of action in Plaintiff's Complaint. However, Plaintiff's counsel never responded to the request.

6.      All defendants who have been served have consented to removing this case to this Court.

/ / /

/ / /

/ / /

/ / /

1    I declare under penalty of perjury under the laws of the State of California and the United

2  States of America that the foregoing is true and correct.

3    Executed this 25th day of April, 2019 at El Segundo, California.

4

5                                        /s/ Siyun Yao
                                         Siyun Yao
6                                        Declarant

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KIA MOTORS AMERICA, INC.'S NOTICE OF REMOVAL OF ACTION UNDER  28 U.S.C. §1441 (FEDERAL
QUESTION); DECLARATION OF SIYUN YAO; EXHIBITS 1-2

**PROOF OF SERVICE**
**CCP 1013A(3) (Revised 5/1/88)**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 970 West 190th Street, Suite 700, Torrance, CA 90502.

On April 25, 2019, I served the foregoing document described as **KIA MOTORS AMERICA, INC.'S NOTICE OF REMOVAL OF ACTION UNDER  28 U.S.C. §1441 (FEDERAL QUESTION); DECLARATION OF SIYUN YAO; EXHIBITS 1-2** on all interested parties in this action by placing ☐☐**the original**☐☐☐**a true copy** thereof enclosed in sealed envelopes addressed as follows:

**SEE ATTACHED SERVICE LIST**

X        **BY MAIL (CCP §1013(a) and §2015.5)**

☐        **BY OVERNIGHT DELIVERY (CCP §1013(c) and §2015.5)**

☐        **BY FACSIMILE (CRC 2.306, CCP §2015.5 and CCP §1013(e)):**  The document(s) were transmitted by facsimile transmission to each of the parties at the facsimile number(s) listed on the attached service list and the transmission(s) reported as complete and without error.  The facsimile machine I used complied with the California Rules of Court, Rule 2.306(g) and I printed a record of the transmission(s), a copy of which is attached to the original of this declaration.

☐        **BY ELECTRONIC SERVICE (CRC 2.260(b)(c)):**  As follows:  The document(s) were served electronically and the transmission was reported as complete and without error to each of the parties at the e-mail addresse(s) listed above on April ____, 2019 at _____ a.m./p.m.

☐        As follows:  I am "readily familiar" with the firm's practice of collection and processing documents for mailing.  Under the practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage date is more than **1** day after date of deposit for mailing in affidavit.

Executed on April 25, 2019, at El Segundo, California.

x        (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.


_/s/ Crystal Munkhbayar_____
Crystal Munkhbayar

**(For personal service signature must be that of messenger)

- 1 -

**SERVICE/MAILING LIST**

**ATILANO SIERRA v. KIA MOTORS AMERICA**
**Los Angeles County Superior Court Case No.: 18STCV10084**

David A. Goldsmith
Goldsmith West, PLC
609 Deep Valley Drive, Suite 200
Rolling Hills Estates, CA 90274

**Attorneys for Plaintiff**

TEL NO.:    (310) 200-6705
FAX NO.:
Email:       david@goldsmithwest.com

PROOF OF SERVICE